Weygandt, C. J.
 

 The single question of law presented by the demurrer is whether qualified public libraries are entitled to priority over municipal corporations, the county and school districts in the semiannual distribution of the undivided classified property tax fund under the provisions of amended Section 5639, General Code (115 Ohio Laws, 592).
 

 In order to arrive at the probable intention of the Legislature it is necessary to set forth this section
 
 ipsissimis verbis:
 

 “At each settlement of undivided classified property taxes, the county treasurer shall distribute the undivided classified property tax fund in the county treasury as follows:
 

 “To the state of Ohio, one-fourth of one per cent thereof, which when paid into the state treasury in the manner provided by law shall constitute a fund in addition to that provided in section 5414-19 herein enacted, for the use of the tax commission of Ohio in administering the system for the assessment of tangible and intangible personal property and shall not be used or appropriated for any other purpose.
 

 “To each board of public library trustees in the county, which shall have qualified or be qualified according to law for participation in such fund, fifty per centum of the amount set forth in the annual budget
 
 *203
 
 and allowed by the budget commission as a receipt from this source. The amount or amounts so distributed, together with the fees of the auditor and treasurer, shall be deducted pro rata from the shares of the undivided classified property taxes originating in the several municipal corporations in the county, and in the territory outside of the municipal corporations therein, respectively.
 

 ‘ ‘ To each municipal corporation in the county, one-half of such amount, out of the remainder of such undivided taxes originating therein, after making the deductions required by the first sub-paragraph of this section, as the budget commission shall have allowed as a receipt from this source; but if the budget commission shall have allowed to the board of township park commissioners of a township park district, the boundaries of which are co-extensive with or contained within the boundaries of any municipal corporation, an amount as a receipt from this source, the amount so allowed shall be deducted from the share of such municipal corporation hereunder and distributed to such board of township park commissioners and the balance only shall be distributed to such municipal corporation.
 

 “To the county, one-half of such amount, out of the remainder of such undivided taxes originating in the territory thereof, outside the limits of municipal corporations therein, as the budget commission shall have allowed as a receipt from this source; but if the budget commission shall have allowed to the board of township park commissioners of a township park district, the boundaries of which are not co-extensive with or contained within those of any municipal corporation in the county, an amount as a receipt from this source, the amount so allowed shall be deducted from the share of the county hereunder and distributed to such board of township park commissioners and the balance only shall be distributed to the county.
 

 
 *204
 
 “All moneys received into the treasury of a municipal corporation shall be apportioned among and credited to the funds established under paragraphs (a), (b), (c) and (d) of section 5625-9 of the General Code, in the same proportion in which the funds derived from the levy for the previous year on the general tax list and duplicate are divided between such funds; those received into the treasury of the county shall be credited to the general fund therein.
 

 “The residue of the undivided classified property tax fund, together with the amount distributed to the county under section 5414-22 of the General Code, shall constitute the county school tax fund, and be distributed among all the school districts in the county (excepting the county school district) in the manner provided by law.”
 

 This statute has followed so tortuous a legislative course that possibly this litigation should be regarded as inevitable rather than surprising. The chief source of the present dispute is the sentence now appearing as the first sub-paragraph. At nearly the last moment it was offered as an amendment apparently without anticipating its possible effect upon the context. The proposed amendment simply read:
 

 “Between lines 1885 and 1886 insert the following: ‘To the state of Ohio, one-fourth of one per cent thereof, which when paid into the state treasury in the manner provided by law shall constitute a fund in addition to that provided in section 5414-19 herein enacted, for the use of the tax commission of Ohio in administering the system for the assessment of tangible and intangible personal property and shall not be used or appropriated for any other purpose.’ ”
 

 There was nothing to indicate whether the new sentence was intended to constitute a separate sub-paragraph or to be incorporated as a part of the then first sub-paragraph. Correctly or incorrectly it now appears as separate sub-paragraph number one, al
 
 *205
 
 though there seems to be no satisfactory reason therefor. However, if the new sentence be considered as a part of the subsequent paragraph, no difficulty whatsoever is encountered. Then the next succeeding sub-paragraph with reference to municipal corporations becomes plain and unambiguous in its reference to “deductions required by the first sub-paragraph”. The “deductions” there mentioned are those involving distribution to the public libraries, and thus it is clear that such deductions must first be made before there can be a distribution to the municipal corporations, to the county or to the school districts from “the remainder”. The significant and contrasting language is that the libraries are to be paid from “the undivided classified property taxes,” while the other distributees are to be paid from “the remainder of such undivided taxes”. Furthermore, it should be noted that the new sentence does not contain the word “deduction”. But, in any event, the mere unauthorized paragraphing of an amendment thereto will not be permitted to obscure the meaning or distort the language of an otherwise clear and practicable statute.
 

 Without unduly extending this opinion, attention should be drawn to another aspect of this matter that is almost as persuasive as the language of the statute itself. A mere superficial examination of the statute might lead to a conclusion that the preference allowed the public libraries is unreasonable and discriminatory, thereby raising a serious question as to whether such a construction can be justified. However, this difficulty disappears when it is remembered that the Legislature has completely deprived the public libraries of their former revenue from other sources, and they are now compelled to rely solely upon the proceeds of classified property taxes, while the municipal corporations, the county and the school districts still derive their principal income from various other taxes.
 

 
 *206
 
 Inasmuch as counsel are agreed that the question of law raised by the demurrer is decisive of the case, a peremptory writ of mandamus is allowed in conformity with the prayer of the relator’s petition.
 

 Writ allowed.
 

 Stephenson, Williams, Matthias, Day and Zimmerman, JJ., concur.