Day, J.
 

 Section 5625-20, General Code, provides, in part, that: “The board of trustees of any public library, desiring to participate in the proceeds of classified property taxes collected in the county, shall adopt appropriate rules and regulations extending the benefits of the library service of such library to all the inhabitants of the county * * *, and shall certify a copy of such rules and regulations to the taxing authority with its estimate of contemplated revenue and expenditures. * * *”
 

 By virtue of the above quoted statutory provision, relator seeks a writ of mandamus, commanding respondents to direct the Cuyahoga County Budget Commission to require the various library boards,
 
 *384
 
 seeking to participate in the proceeds of the classified property tax fund collected in the county, to furnish estimates of contemplated revenue, which, it is claimed, such library boards failed to furnish, inferring that when furnished it would be the duty of the Budget Commission to deduct the estimate of contemplated revenues from the allotments already made to them. However, we find no provision in the General Code requiring such deductions from allotments made out of the classified property tax fund; nor do we find in the General Code the specific duty imposed upon the County Budget Commission to' require library boards of trustees to furnish such estimates; nor do we find a specific duty imposed by statute upon the Tax Commission of Ohio to direct the County Budget Commission to require library boards to furnish such estimates. Mandamus will not lie to compel performance of a duty not clearly and definitely imposed by law; and, where it is thus imposed, whether mandamus will, lie is dependent upon the question whether the duty sought to be enforced is ministerial or judicial in nature. If judicial, and vesting in respondents powers of discretion, courts will not interfere with the exercise of discretion unless abuse is clearly shown.
 

 Section 5625-20, General Code, requires boards of trustees of public libraries, desiring to participate in the proceeds of classified property taxes collected in the county, to furnish estimates of contemplated revenue. This is a duty imposed upon library boards of trustees and not upon the Tax Commission of Ohio or upon the County Budget Commission. While an estimate of contemplated revenues should have been furnished by the library boards in their budget requests submitted to the Budget Commission, the action of the Budget Commission in making the allotments is not invalidated by the absence of such estimates. The question whether to deduct estimated revenues, including cash balances and expected miscellaneous receipts,
 
 *385
 
 from such allotments, is solely within the discretion of the Budget Commission, with the exercise of which no court can interfere except in cases of clear abuse.
 

 Relator further contends that the Budget Commission failed to deduct uncollected delinquent taxes levied for the benefit of six of the libraries in question from the amount allotted to them. Here, too, we find no specific duty imposed upon the Budget Commission to deduct such taxes from the amount allotted, that question being left solely to its discretion. In the instant case, the Budget Commission, in making the allotments, included “any and all delinquent real estate taxes assessed for 1930 and prior years” and provided that “In case any library board should claim and legally secure any of such delinquent real estate taxes, the above allowance shall be reduced as to such taxing district to such extent.” We find no abuse of discretion here. The statutes give to the Budget Commission and to the Tax Commission of Ohio broad powers.
 

 Relator contends that the Budget Commission and the Tax Commission of Ohio, in making its allotments, favored the library boards as against the municipalities; that “therefore the larger the share allowed said libraries, the less of said fund will remain for said municipalities, including this relator.” However, as between the claims of public libraries and those of municipalities against the undivided classified property tax fund, the statutes do favor the public libraries, as is evidenced by the fact that allotments are first required to be made to them according to their requirements and that whatever remains of the fund after such allotments have been made to the libraries may be distributed among the municipalities of the county entitled thereto. If the Budget Commission and the Tax Commission of Ohio have, by their acts, favored the public libraries in preference to municipalities, they have merely put into effect public policy as re-
 
 *386
 
 fleeted by the legislative enactments, which this court can not and will not frustrate.
 

 This court already held such preference to be reasonable and justified by the fact that public libraries “are now compelled to rely solely upon the proceeds of classified property taxes, while the municipal corporations, the county and school districts still derive their principal income from various other taxes.”
 
 State, ex rel. Rice,
 
 v.
 
 Lutz, County Auditor,
 
 129 Ohio St., 201, at page 205, 194 N. E., 423.
 

 We hold that the Budget Commission, in refusing to request the library boards of trustees to furnish estimates of contemplated revenues, and the Tax Commission of Ohio, in affirming its action, did not thereby refuse to perform a duty specifically enjoined by law, no such duty having been imposed upon them.
 

 Demurrer sustained md petition dismissed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.