Hart, J.
 

 The two questions presented by the record in this case are: (1) May the county budget commission lawfully reduce the budget requirements for the Cleveland Heights Public Library for the year 1939 below the amount fixed and certified to the taxing authority by the board of trustees of such library; and (2) did the county budget commission abuse its discretion in making such reduction?
 

 The Board of Tax Appeals is created and its powers defined by Sections 1464,1464-1 and 1464-2, General Code, while its appellate jurisdiction, authorizing it to review the decisions of the Tax Commissioner, of the county boards of revision and of the county budget commissions, is provided by Section 1464-1, paragraph 5, General Code. In the determination of appeals before it, it is clothed with fact-finding power and its decisions are final except that appeals may be taken from them to this court. Section 5611-1, General Code.
 

 The jurisdiction of this court on appeal from the Board of Tax Appeals is created by Section 5611-2, General Code, passed by the General Assembly pursuant to Section 2 of Article IV of the Constitution, wherein it is provided that this court may be given “such revisory jurisdiction of the proceedings of administrative officers as may be conferred by law.” Section 5611-2, General Code, provides in part:
 

 “The Board of Tax Appeals, upon written demand
 
 *286
 
 filed by an appellant, shall, within thirty days after the filing of such demand, file with the Supreme Court a certified transcript of the record of the proceedings of the Board of Tax Appeals. pertaining to the decision complained of, and the evidence considered by the board in making such decision.
 

 “If upon hearing and consideration of such record and evidence the Supreme Court is of the opinion that the decision of the Board of Tax Appeals appealed from is reasonable and lawful it shall affirm the same, but if the Supreme Court is of the opinion that such decision of the Board of Tax Appeals is unreasonable or unlawful, it shall reverse and vacate same or it may modify same and enter final judgment in accordance with such modification.”
 

 Such appeals to' this court are upon questions of law shown by the record made before the Board of Tax Appeals, the jurisdiction of this court being of the same type and character as that for appeals from the Public Utilities Commission of this state. That being true, this court, as a reviewing court, will not interfere with a decision of the Board of Tax Appeals unless it appear from a consideration of the entire record that such decision is unreasonable or unlawful.
 
 H. & K. Motor Transportation, Inc.,
 
 v.
 
 Public Utilities Commission,
 
 135 Ohio St., 145, 151, 19 N. E. (2d), 956, and cases cited.
 

 The appellants in this* ease contend that the county budget commission had no power or authority to reduce the amount of the budget requirements for'the library in question below that fixed by its board of trustees because of an alleged preferential right in favor of the library budget. It is true that when the board of trustees of the library certified its budget requirements' to its taxing authority, which is the Board of Education of the Cleveland Heights City School District, the latter was required by Section 5625-20, General Code, to certify the same full amount
 
 *287
 
 to the county budget commission; but there is no legal requirement that the county budget commission shall allow and fix such budget requirements in such amount.
 

 The duties of the county budget commission, in respect to the budget of the various subdivisions and district authorities, are set out in Section 5625-24, General Code, which, among other things, provides:
 

 “The budget commission shall also have authority to fix the amount of proceeds of classified property taxes, collected within the county, to be distributed to each board of public library trustees which shall have qualified orbe qualified as provided by Section 5625-20 of thé General Code for participation in the proceeds of such taxes,
 
 * * *
 
 and shall separately set forth the .amount so fixed and determined in the ‘official certificate of estimated resources,’ as provided in Section 5625-26 of the General Code, and separately certify such amount to the county auditor who shall be guided thereby in the distribution of the undivided classified property tax fund for and during the fiscal year.”
 
 (Italics ours.)
 

 As further indication of the fact that the board of library trustees of any school district does not have any preferential position as to the allowance of its budget requirements by the county budget commission, other than the right to have the amounts fixed by such board certified to the commission for consideration, Section 5625-23, General Code, provides that the budget commission shall ascertain that certain specified levies are properly authorized and, if so authorized, shall approve them
 
 without modification;
 
 but there is no similar preference or protection given by statute to public library budgets. On the contrary, Section 5639, General Code, provides that:
 

 “At each settlement of undivided classified property taxes, the county treasurer shall distribute the undivided classified property tax fund in the county treasury as
 
 follows: * * *
 

 
 *288
 
 “To each board of public library trustees in the county, which shall have qualified or be qualified according to law for participation in such fund, fifty per centum of the amount
 
 set forth
 
 in the annual budget
 
 and allowed by the budget commission
 
 as a receipt from this source. * * *” (Italics ours.)
 

 It is true that this court in the case of
 
 State, ex rel. Rice, Treas.,
 
 v.
 
 Lutz, County Aud.,
 
 129 Ohio St., 201, 194 N. E., 423, held that: “Under the provisions of amended Section 5639, General Code (115 Ohio Laws, 592), qualified public libraries are entitled to priority over municipal corporations, the county and school districts in the semi-annual distribution of the undivided classified property tax fund in the county treasury,” but in that case there was no question raised as to the right of the county budget commission to fix the maximum amount to be distributed from the undivided classified property tax fund to the public libraries within the county. The question involved was merely the order of distribution within the budget allowance.
 

 In the case of
 
 State, ex rel. City of Cleveland Heights,
 
 v.
 
 Davis,
 
 131 Ohio St., 380, 3 N. E. (2d), 49, the municipality of Cleveland Heights, in a mandamus action, complained because the county budget commission had largely increased the budget allowances to the public libraries from the classified property tax fund because their budgets were suffering from the non-collection of delinquent real estate taxes to which they were entitled, which action, on the part of the budget commission, reduced the balance of such classified property taxes distributable to the municipality. The power of the budget commission to make such allotment was fully sustained. The only essential difference between that case and this is the fact that the budget commission in this case, while recognizing the preferential position of the library over the municipalities in the matter of distribution, has cut down the library’s allowances, which action now inures to the
 
 *289
 
 benefit of the municipalities. The budget commission, in the opinion of the court, has the power to fix the library budget as it has done in this case.
 

 The remaining question is, did the budget commission, in determining the budget for appellants ’ library abuse its discretion? The record does not disclose the full extent of the needs of the various subdivisions and units to which the classified tax funds of the county are distributable. It is intimated in appellants ’ brief and stated in oral argument that the budget commission was motivated in its action by the need of funds to provide poor relief in the cities and municipalities of the county. In these times of financial stress and unemployment, none will say but that the hungry must be fed and the destitute cared for. .In so doing, it may be necessary to curtail other expenditures and reduce budgets of most worthy institutions. Apparently this was the view taken by the commission. In making such reduction, this record does not indicate that the budget commission abused its discretion. .
 

 The decision of the Board of Tax Appeals is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Matthias, JJ., concur.