Weygandt, C. J.
 

 Counsel agree that this case presents but one question for consideration by this court.
 

 The Board of Tax Appeals' found that, with two exceptions, the increases allowed to the various public libraries by the Cuyahoga County Budget Commission in allotting the anticipated proceeds of the classified property taxes for the year 1940 were substantially equal to the losses previously experienced by these libraries by reason of a deficiency in the estimated collection of such taxes for the preceding year of 1939; that these 1940 increases were allowed for the purpose of compensating these libraries for the 1939 losses; that these increases to these libraries were allowed at the expense of that county and the munici
 
 *600
 
 palities therein; and that these increases were illegal.
 

 Is this decision of the Board of Tax Appeals unreasonable or unlawful?
 

 To support their sharply conflicting views counsel are unanimous in relying upon the decisions of this court in the two cases of
 
 State, ex rel. City of Cleveland Heights,
 
 v.
 
 Davis,
 
 131 Ohio St., 380, 3 N. E. (2d), 49, and
 
 Board of Edn. of Cleveland Heights City School Dist.
 
 v.
 
 Evatt, Tax Commr.,
 
 136 Ohio St., 283, 25 N. E. (2d), 453. The syllabus in the first reads as follows:
 

 “The powers vested by the Budget Act (Section 5625-24, General Code) in the County Budget Commission and in the Tax Commission of Ohio with reference to the making of allotments to boards of trustees of public libraries, qualified- to participate in the classified property tax fund, are broad and discretionary in nature, and in the absence of a clear abuse thereof, a writ of mandamus will not issue.”
 

 Unlike the present matter which is here for review upon an appeal, that was an original action in which the relator asked this court to issue a writ of mandamus finding the Tax Commission of Ohio guilty of an abuse of discretion and compelling it “to require the board of trustees of the eleven libraries to complete their budget requests by setting forth estimates of contemplated revenues for 1936, including cash balances and expected miscellaneous receipts; to compel the Tax Commission to take into account both the estimate of contemplated revenues and the estimate of contemplated expenditures of each library, and to make appropriate reductions of allowances made to each of the libraries; to reduce the amount of the classified property taxes allowed to the six libraries above referred to by $211,000, theretofore added to their allowances in exchange for delinquent real estate taxes levied for 1930 and prior years for the benefit of those libraries, - and to increase the allow
 
 *601
 
 anee to the municipal corporations, including the relator, in a sum equal to the reductions ordered. ’ ’ The court refused to issue a writ of mandamus finding the Tax Commission guilty of an abuse of discretion in these respects.
 

 In the third paragraph of the syllabus in the second case the court expressed the following view:
 

 “When the board of trustees of a public library certifies its budget requirements for any year to its taxing authority, the latter is required by Section 5625-20, General Code, to certify it in the same amount to the county budget commission; and although the budget commission is obliged to fully consider all budget requests, there is no mandatory duty upon it to allow and fix the budget requirements in such amount. ’ ’
 

 That pronouncement involved the
 
 allotting ol-anticipated
 
 proceeds of classified property taxes. In the earlier ease of
 
 State, ex rel. Rice, Treas.,
 
 v.
 
 Lutz, County Aud.,
 
 129 Ohio St., 201, 194 N. E., 423, the question related to the semi-annual
 
 distribution
 
 of
 
 collected
 
 proceeds of classified property taxes, and the court held that in this respect the statute gives the libraries priority over municipal corporations, the county and school districts. Thus the libraries enjoy statutory priority in distribution but not in allotment.
 

 The question presented in the instant case is one of allotment alone, but apparently the county budget commission confused this process with that of distribution. Although the two are distinct, the commission, as clearly shown by the evidence, based the libraries’ 1940
 
 allotment
 
 upon their 1939
 
 distribution.
 
 The municipalities complain not only of this but of the further fact that the commission refused to do the same thing for them. It is obvious that if the commission were permitted to follow this formula the libraries would be accorded priority in allotment as well as distribution. This would accomplish indirectly
 
 *602
 
 a result not contemplated by the statutes. Hence this court is unanimously of the opinion that the decision of the Board of Tax Appeals is neither unlawful nor unreasonable in disapproving the action of
 
 *
 
 the county budget commission in this respect.
 

 Decision affirmed.
 

 Turner, Williams, Matthias, Hart, Zimmerman and Bettman, JJ., concur.