By the Court.
 

 This action in mandamus was brought originally in this court in the name of the state of Ohio, on relation of the Board of Trustees of the Cleveland Public Library, against John A. Zangerle, auditor of Cuyahoga county, and John J. Boyle, treasurer of such county, as respondents. Various cities and villages in Cuyahoga county were, upon motion, made parties respondent.
 

 ■ The relator herein “prays that a writ of mandamus issue commanding the defendant John A. Zangerle, county auditor of Cuyahoga county, to determine the amount of the collections of the classified personal property taxes in Cuyahoga county, Ohio, for the first half of the year 1940 which represents prepayments of taxes due for the second half year of 1940, and commanding him to certify the amount so determined by him to the defendant John J. Boyle, county treasurer. Relator further prays that a writ of mandamus issue commanding defendant John J. Boyle, county treasurer, either to segregate from the undivided classified property tax fund and hold until the October settlement the amount so certified by the defendant John A. Zangerle or to segregate such an amount and distribute it at the time of the first half settlement as an advance on the second half year settlement, observing the priorities which would operate by the law had the same been regularly distributed as a part of the second half settlement.”
 

 The cause is .submitted on an agreed statement of facts but it is not necessary to recite the facts in full.
 

 The real contention is between the Board of Trustees of the Cleveland Public Library and the various defendant municipalities.
 

 It has previously been held that under the provisions of Section 5639, General Code, as then in effect
 
 *630
 
 (115 Ohio Laws, 592), qualified public libraries are entitled to priorities over municipal corporations, the county and specified subdivisions of the county in the semi-annual distribution of undivided classified property taxes.
 
 State, ex rel. Rice, Treas.,
 
 v.
 
 Lutz, County Aud.,
 
 129 Ohio St., 201, 194 N. E., 423, See, also,
 
 Board of Education of Cleveland City School District
 
 v.
 
 City of Shaker Heights, ante,
 
 597.
 

 Since the decision in the
 
 Luts case, supra,
 
 Section 5639 has been further amended, effective June 15, 1939 (118 Ohio Laws,
 
 54);
 
 but the portions thereof governing the former case and case at bar have not been altered in any respect.
 

 Those portions read as follows: “At each settlement of undivided classified property taxes, the county treasurer shall distribute the undivided classified property tax fund in the county treasury as follows:
 

 “To the state of Ohio, one-fourth of one per cent thereof * * *.
 

 “To each board of public library trustees in the county, which shall have qualified or be qualified according to law for participation in such fund, fifty per centum of the amount set forth in the annual budget and allowed by the budget comínission as a receipt from this source. The amount or amounts so distributed, together with the fees of the auditor and treasurer, shall be deducted pro rata from the shares of the undivided classified property taxes originating in the several municipal corporations in the county, and in the territory outside of the municipal corporations therein, respectively.
 

 “ To each municipal corporation in the county, one-half of such amount, out of the remainder of such undivided taxes originating therein, after making the deductions required by the first subparagraph of this section, as the budget commission shall have allowed as a receipt from this source * * *.
 

 “To the county, one-half of such amount, out of the
 
 *631
 
 remainder of sucli undivided taxes originating in the territory thereof, outside the limits of municipal corporations therein, as the budget commission shall have allowed as a receipt from the source; * * *.
 

 “The residue * * * shall constitute the county school tax fund * *•
 

 The relator complains that in practice the public libraries are not accorded the priority to which they are entitled. Recent experiences show that the treasurer has collected about two-thirds of the taxes before the May settlement and the remainder (or about one-third) between the May settlement and the October settlement. The result has been that for each May settlement the libraries have received fifty per cent of the amount set forth in the annual budget, but due to the fact of the lessened collection for the period subsequent to the May settlement they have received less than fifty per cent of their respective budgets for the October settlement.
 

 For the year 1939 the current collections of the classified property taxes for Cuyahoga county amounted to $1,448,487 prior to the May settlement and $817,087 between the May and October settlements. These figures do not include the collection of prior delinquent classified property taxes in the year 1939, which amounted to approximately $150,000. At the May settlement of that year $1,201,275 was distributed to the public libraries of Cuyahoga county, of which the Cleveland Public Library received $968,150 (fifty per cent of its annual budget) and in the same distribution $340,998.51 was paid to the county, the municipalities of the county and the Cleveland Metropolitan Park Board. At the October settlement of the same year $874,700.43 was distributed to the libraries of the county of which the Cleveland Public Library received only $704,952.01 (less than fifty per cent of its budget). Nothing remained for the municipalities, the county or the park board.
 

 
 *632
 
 For the year 1940 distribution was made to the public libraries at the May settlement but otherwise distribution has been held in abeyance awaiting the outcome of this action and
 
 Board of Education of Cleveland City School District
 
 v.
 
 City of Shaker Heights, supra.
 

 Relator maintains that reading Section 5639, General Code, with Sections 2641, 2683 and 5671-1, General Code, requires a construction which would assure to each public library priority to the full amount of its annual budget, or, in other words, the full fifty per cent of its budget at each settlement.
 

 The pertinent parts of these so-called cognate sections are as follows:
 

 Section 2641, General Code: “If the Bureau of Inspection and Supervision of Public Offices so direct, the county treasurer shall enter each day on his account the money received for advance payments of taxes and taxes charged on the general and special duplicates of the current year in the following manner: * * *
 

 “Collections of classified property taxes to be cred-' ited to the ‘undivided classified tax fund’ *
 
 *
 

 Section 2683, General Code: “* * * On or before the tenth day of May, in each year, the county treas.urer shall settle with ‘the county auditor for all advance payments of general personal property and classified property taxes that he has received at the time of making the settlement. # * On or before the tenth, day of October in each year, he shall settle with the auditor for all taxes that he has collected on the general personal and classified property duplicates, and for all advance payments of general personal and classified property taxes, not included in the preceding May settlement, that he has received at the time of making such settlement. * * *”
 

 Section 5671-1, General Code:
 
 “*
 
 *
 
 *
 
 In each case, the county auditor, on presentation of the return, shall
 
 *633
 
 compute therefrom the amount of the advance payment of taxes required by this section * * V’
 

 Relator states its claim in this language: ‘ ‘ The legislative purpose of giving to the libraries what amounts to a first lien on the classified property taxes for the year harmonizes with and is effectuated by the proper application of the statutes dealing with tax administration. The classified property tax law introduced a new element into the procedure for determining the property taxes of Ohio in that an ‘advance payment’ prior to the preparation of the duplicate was required at the time of filing the taxpayer’s return. (G. O. 5671-1.) Such ‘advance payment’ (but
 
 not
 
 prepayments of second half taxes) are to be entered upon the undivided classified property tax fund. (G. C. 2641.) The ‘advance payments’ (but
 
 not
 
 the prepayments of second half taxes) are to be settled for at the first settlement on May 10th. (G. C. 2683.) The undivided classified property tax fund (not including prepayments of second half taxes which were never supposed to have been put in that fund) are to be distributed at the time of the first settlement. (G. C. 5639.)
 

 “The prepayments of second half taxes should either be withheld until the second distribution, by which time they are taxes on the current duplicate (G. O. 2641) because the duplicate will have been prepared, or advanced to the public bodies entitled thereto and charged against the second half distribution.”
 

 This court cannot accede to the contention of the relator. The meaning of Section 5639, General Code, is clear and is not altered when read with other sections.
 

 At the May settlement fifty per cent of the amount of its annual budget is first distributed to each qualified public library board in Cuyahoga county and thereafter the remainder is to be distributed as provided in Section 5639, General Code, and the October settlement distribution is to be made to each qualified
 
 *634
 
 public library board in the same manner; but if the money distributed at the latter settlement does not amount to fifty per cent of the annual budget there is no source from which the deficiency can be supplied. The only way to secure the full payment of the amount of the annual budget is to appeal to the Legislature.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Williams., Matthias, Hart, Zimmerman and Bettman, JJ., concur.