Taft, J.
 

 The reason given by the Board of Tax Appeals for its decision was that the budget commission
 
 *354
 
 had no power or authority to allot any of the proceeds of such taxes to appellant for the construction of new building's. Whether this reason is sound depends upon a construction of the statutes providing for participation by appellant in the proceeds of such taxes.
 

 By Section 5625-20, General Code (122 Ohio Laws, 166), provision is made for participation in the proceeds of classified property taxes, collected in the county, by the board of trustees of a public library, on compliance with certain conditions. By Section 5625-24, General Code (115 Ohio Laws, 591),
 
 *
 
 the budget commission is given authority to fix the amount of the proceeds of such taxes to be distributed to each board of public library trustees, to each board of township park commissioners, to the county, and to each municipal corporation. This latter section provides that the commission shall be guided by the estimate of the county auditor as to the total amount of such taxes to be collected during the year; and, as to the shares thereof distributable to municipal corporations and to the county, by the provisions of Section 5639, General Code (119 Ohio Laws, 222).
 
 *
 

 Section 5639, General Code, provides for the distribution to the various political subdivisions of amounts of such taxes allotted to them by the budget commission. Provision is made first for one-fourth of one percent to the state of Ohio to provide a fund for administering the system of assessing.such taxes. Otherwise, with one exception, the basic intention expressed by the General Assembly is that such taxes shall go back to the localities from which they came. Thus, municipal corporations get back only amounts out of taxes “originating therein” and the county gets back only amounts out of taxes originating in territory of the county outside the limits of municipal corporations. Any amount which a board of .township
 
 *355
 
 park commissioners gets is taken either from the share of the municipal corporation, if the township park district is located wholly within a municipal corporation, or the share of the county if it is not so located.
 

 The one exception relates to the amounts allotted to boards of public library trustees. Irrespective of the location of the libraries, such amounts are deducted pro rata from the shares that would be otherwise distributable to municipal corporations and to the county.
 

 A consideration of the foregoing statutes discloses that a definite guide has been set up with regard to allotments and distributions to the county and to municipal corporations. No problem with regard to allotments and distributions to township park commissioners is present in the instant case. These statutes, however, furnish no guide as to the amounts to be allotted from the proceeds of such taxes to boards of public library trustees.
 

 This court has, however, held that such allotments shall be made by the budget commission according to the relative needs of the libraries and other units entitled to share in the distribution of the proceeds of such taxes.
 
 Board of Education of Cleveland Heights
 
 v.
 
 Evatt, Tax Commr.,
 
 136 Ohio St., 283, 25 N. E. (2d), 453.
 

 Appellant claims that the needs of a library should be satisfied before consideration be given to the needs of other units entitled to share in the proceeds of such taxes. However, this court has held that, while libraries are entitled to priority over others in the distribution of the proceeds of such taxes, they are not entitled to any priority in the allotment of the anticipated proceeds thereof.
 
 Board of Education of Cleveland
 
 v.
 
 City of Shaker Heights,
 
 137 Ohio St., 597, 32 N. E. (2d), 11.
 

 The right of any library in any year to “participate in the proceeds of classified property taxes collected
 
 *356
 
 in the county” is expressly conditioned by Section 5625-20, General Code, on adoption by its board of trustees of “appropriate rules and regulations extending the benefits of the
 
 library service
 
 of such library to all the inhabitants of the county on equal terms.” (Emphasis ours.)
 

 The General Assembly obviously believed that only a right to equal benefits of a library’s service in all inhabitants of the county would justify distribution to that library of taxes collected from all inhabitants of the county. At the time this provision was made for libraries, the General Assembly knew that there were many located in districts whose boundaries were not coextensive with the counties in which they were located and in districts representing a relatively small portion of the county. The General Assembly also had before it the decision of this court in
 
 Friedlander, Treas.,
 
 v. Gorman,
 
 Pros. Atty.,
 
 126 Ohio St., 163, 184 N. E., 530.
 

 Nothing in Section 5625-20, General Code, prevents the subsequent change of the “appropriate rules and regulations” required of such a library where it desires to participate in the proceeds of classified property taxes collected in the county. Consequently, such a library could, after such participation in a particular year and if it did not seek such participation in subsequent years, change those rules and regulations for subsequent years so as to deprive the inhabitants of substantial portions of the county from equal benefits of its library service. If, therefore, the appellant’s contention is correct, appellant could secure $800,000 from the proceeds of classified property taxes for the year 1949 for buildings which should last for 50 or more years. While we do not believe that appellant has any intention of doing so, nothing in the statutes as written would prevent appellant in subsequent years
 
 *357
 
 from depriving many of those inhabitants of the county, who had paid in taxes substantial portions of that $800,000, from use ‘ ‘ on equal terms ’ ’ of the buildings for which they had in effect paid.
 

 Appellant can do this and, if it did, then the intention of the General Assembly, that no inhabitant of the county should be taxed to support library facilities if he had no right to use them on equal terms with each other such inhabitant, would be defeated. We do not bélieve, therefore, that, in view of its expressed intention that no one should be taxed to pay for library facilities he had no such right to use, the General Assembly could reasonably intend that proceeds of classified property taxes in a particular year might be allotted to a library for construction of buildings that would have a useful life of many years. If it had so intended, we believe that the General Assembly would have specifically provided either for such an unusual use of current revenues for payment in full for such buildings or would have specifically provided that buildings constructed with such funds should be open to all the inhabitants of the county on equal terms, at least during the useful life of such buildings.
 

 Our conclusion, therefore, is that the budget commission had no power or authority to allot to a public library, out of the proceeds from collection of classified property taxes in the county, any amount for the construction of new library buildings.
 

 This conclusion is fortified by the provisions made in these same statutes with respect to allotments for distributions to municipalities and the county. As hereinbefore pointed out, the basic intention with regard to such allotments and distributions was to send such taxes back to the localities from which they were collected.
 

 Furthermore, the statutes, with regard to county
 
 *358
 
 libraries such as appellant, specifically distinguish between tax levies to provide funds “for library operation” (Section 7643-3, General Code, 122 Ohio Laws, 181) and the raising of money by issuance of bonds or notes “for the acquisition of land and the construction and equipment of * * * library buildings” (Section 7643-11, General Code, 114 Ohio Laws, 54). Under Section 7643-3, General Code, before the board of county commissioners may levy a tax “for the purpose of providing funds for library operation” the board of library trustees is required to certify to the commissioners “the amount of money
 
 required to maintain and operate
 
 said free public library during the ensuing year and the amount of
 
 revenue anticipated from all sources
 
 other than a tax levy. ’ ’ (Emphasis ours.)
 

 Appellant argues that it cannot take advantage of the provisions of Section 7643-11, General Code, by reason of the fact that that section, by its terms, authorizes issuance of notes and bonds for the acquisition of buildings only where the library district has boundaries coextensive with the county. It may be observed that the statute was amended this year so that it now authorizes issuance of such bonds and notes for any county library district (123 Ohio Laws, H. B. 26). Furthermore, as the Board of Tax Appeals pointed out in its decision, the General Assembly had theretofore provided a means whereby a county library district, whose boundaries were not coextensive with the county, could raise funds for new buildings. See Section 4005-2, General Code.
 

 As the budget commission admittedly allotted to appellant a sufficient amount from the proceeds of collection of classified property taxes to enable it to meet all of its anticipated expenditures, other than expenditures for construction of new library buildings, appel
 
 *359
 
 lant cannot complain of the allotments made. The decision of the Board of Tax Appeals, leaving “undisturbed” the allotments made by the budget commission, must therefore be, and hereby is, affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Turner, JJ., concur.
 

 *
 

 Subsequently amended, 123 Ohio Laws, H B. 26.