Per Curiam.

It is stated in the opinion in County of Cuyahoga v. Budget Commission of Cuyahoga County, 152 Ohio St., 351, 89 N. E. (2d), 456:
“* * * statutes * * * furnish no guide as to the amounts to be allotted from the proceeds of such [classified property] taxes to boards of public library trustees.
“This court has * * * held that such allotments shall be made by the budget commission according to the relative needs of the libraries and other units entitled *265 to share in the distribution of the proceeds of such taxes. Board of Education of Cleveland Heights v. Evatt, Tax Commr., 136 Ohio St., 283, 25 N. E. (2d), 453.”
After the decision in that case, Section 5625-24, General Code, was amended (124 Ohio Laws, 441) to provide in part:
“The budget commission shall also have authority to fix the amount of proceeds of classified property taxes, collected within the county, to be distributed to each board of public library trustees * * * based on the needs of such library for the construction of new library buildings, parts of buildings, improvements, operation, maintenance * * *.”
By this amendment, the words, “based on the needs of such library for, ’ ’ were added.
It is the contention on behalf of the library board that the budget commission must first determine “the needs of such library” and on such needs base the amount of such taxes to be distributed to a library. After the amount to be distributed to libraries is determined, the distribution of any remaining amount from classified property taxes is and has been for years specifically provided for by statute, and such distribution then has no relation to the relative needs of the distributees. See County of Cuyahoga v. Budget Commission, supra, 354, 355.
It appears, therefore, that the General Assembly has replaced the provision, that allotments to libraries should be made “according to the relative needs of the libraries and other units entitled to share in the distribution of such taxes,” by a provision requiring the budget commission to base such allotments upon “the needs of” libraries.
What “the needs of” a library are is a question of fact upon which a library has the burden of proof. *266 In the first instance, the trier of the facts is the budget commission. Where a trial de novo is held by the Board of Tax Appeals, it then becomes the trier of the facts. Unless its determination of the fact of “the needs of” a particular library is unreasonable, this court will not disturb such determination.
Although the board in its order does state “that the appellant * * * could well use an additional $165,000 in the year 1953 and that said additional amount would not be one cent more than the appellant could reasonably spend for its expanded activities,” we do not regard this as a finding that the library needed that $165,000. There is obviously a difference between what one can “well use” or “reasonably spend” and what one “needs. ”
It is apparent from the decision of the Board of Tax Appeals that, in determining the amount to be allotted to libraries, it followed the rule applicable prior to the recent amendment of Section 5625-24, General Code, rather than the rule which should now be applied. Perhaps the board would have reached the same result by following the latter rule, but we believe that it should be given an opportunity to consider whether it would. For this reason, the decision is reversed and the cause is remanded to the Board of Tax Appeals for further proceedings.

Decision reversed and cause remanded.

Weygandt, C. J., Middleton, Taft, Hart, Zimmerman and Stewart, JJ., concur.
Lamneck, J., not participating.