BOARD OF TRUSTEES OF RODMAN PUBLIC LIBRARY, APPELLEE,
v. BUDGET COMMISSION OF MAHONING COUNTY ET AL.,
APPELLANTS.

[Cite as Board of Trustees v. Budget Comm. (1974),
37 Ohio St. 2d 39.]

(No. 73-657—Decided January 30, 1974.)

40

*Mr. Vincent E. Gilmartin,* prosecuting attorney, and *Mr. Dennis Haines,* for appellants.

*Mr. David D. Dowd, Jr.,* prosecuting attorney, and *Mr. Allan L. Krash,* for appellee.

PAUL W. BROWN, J. Participation by public library trustees in the classified property tax fund of a county is governed by R. C. 5705.28 and 5707.05. Certain standards are established by R. C. 5705.28 which must be satisfied by the board of trustees before a public library can qualify to participate in the distribution of the county classified

tax fund pursuant to R. C. 5707.05.* It is undisputed that appellee herein has satisfied the statutory criteria for qualification. Moreover, R. C. 5707.05 directs that:

"* * * the county treasurer *shall* distribute the * * * fund * * * as follows:

"(B) To each board of public library trustees in the county, which has qualified for participation in such fund * * *." (Emphasis added.)

Under the clear provisions of R. C. 5707.05, the county does not have the option of refusing participation to a qualified board of library trustees. In determining the amount of the allocation to which appellee was entitled, the Board of Tax Appeals used the rational basis of the relative benefit of its service to Mahoning County residents and to those students in the other counties served. We find the order of the board to be reasonable, as well as lawful.

The premise of appellants' argument is that because the sole permanent physical facility of the library is not in Mahoning County, and because R. C. 5707.05 speaks of public library trustees "in the county," the Budget Commission of Mahoning County is without authority to allot money from the county's classified tax fund to appellee.

---

*R. C. 5705.28 states, in pertinent part, that:

"The board of trustees of any public library, desiring to participate in the proceeds of classified property taxes collected in the county, shall adopt appropriate rules and regulations extending the benefits of the library service of such library to all the inhabitants of the county on equal terms, unless such library service is by law available to all such inhabitants, and shall certify a copy of such rules and regulations to the taxing authority with its estimate of contemplated revenue and expenditures. Where such rules and regulations have been so certified or where the adoption of such rules and regulations is not required, the taxing authority shall include in its budget of receipts such amounts as are specified by such board as contemplated revenue from classified property taxes, and in its budget of expenditures the full amounts requested therefrom by such board. No library association, incorporated or unincorporated, is entitled to participate in the proceeds of classified property taxes or other public funds unless such association was organized and operating prior to January 1, 1968."

42

Appellants cite *County of Cuyahoga* v. *Budget Comm.* (1949), 152 Ohio St. 351, and *Friedlander* v. *Gorman* (1933), 126 Ohio St. 163, to support their contention.

Appellants' premise is not correct, nor do the cited cases support it. We do not read R. C. 5707.05 as restrictively as do appellants, who argue that the reference to boards of library trustees "in the county" means that only boards of trustees of libraries physically located within the county of the taxing authority are eligible to participate in the distribution of the classified tax fund. To so read the statute would negate the realization implicit in the eligibility requirements of R. C. 5705.28 and the distributive mechanism of R. C. 5707.05 that public libraries extending their services on an equal basis to the residents of a multi-county district are entitled to proportionate support from those counties whose residents are the beneficiaries. Our interpretation finds support in the long history of this practice. The General Assembly has been aware of the continued participation of appellee in the Mahoning County fund, and it has been aware of the specific approval of this practice by the Attorney General in 1934. Opinions of Attorney General (1934), No. 2516. Had the General Assembly wished to prohibit such participation, it had ample opportunity to do so. The fact that it did not, evidences its approval of this sharing of tax revenues.

Therefore, we hold that where a public library is "in the county," whether by virtue of actual physical presence or by extension of its services on an equal basis to the residents thereof, and satisfies the requirements of R. C. 5705.28, it is entitled to participate in the distribution of that county's classified property tax fund, and where the county budget commission fails to make an allocation therefrom the Board of Tax Appeals acts reasonably and lawfully in ordering such allocation based upon a rational basis of proportionate benefit received by the county.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, STERN and W. BROWN, JJ., concur.

CORRIGAN and CELEBREZZE, JJ., dissent.