364

GULF+WESTERN METALS FORMING CO. ET AL., APPELLANTS,
v. COLLINS, TAX COMMR., APPELLEE.

(No. 76-200—Decided December 27, 1976.)

366

Messrs. Porter, Stanley, Platt & Arthur, Mr. Ronald W. Gabriel and Mr. Roger F. Day, for appellants.

Mr. William J. Brown, attorney general, and Mr. Michael L. Moushey, for appellee.

Per Curiam. Gulf+Western Metals Forming Company and Gulf+Western Industrial Products Company set forth five propositions of law in their appeal. The first two propositions of law relate to the effect of the corporate reorganization of appellants' subsidiaries and will be considered together.

Appellants assert that the separate corporate existence of the surviving corporation in a merger under R. C. 1701.-82 is not extinguished on the date the merger becomes ef-

fective (since the surviving corporation continues in existence after the merger, it does not become a new taxpaying entity under R. C. Chapter 5711, and, for the purposes of ascertaining its status as a taxpayer, the merger may be disregarded); and that a change in the name of a corporation affects neither its identity as a corporation nor its rights or obligations.

The basis of appellants' argument under the foregoing propositions of law is that since Metals Forming Company and Industrial Products Company survived the corporate reorganization they did not become new taxpaying entities. Appellants observe that Industrial Products and Metals Forming were both incorporated in the state of Delaware in 1964 and 1965, respectively. They, therefore, maintain that the decision of the board is unreasonable and unlawful because "the probative evidence of record * * * establishes that appellants' corporate existence *survived* the reorganization."

The syllabus in *Citizens Financial Corp.* v. *Porterfield* (1971), 25 Ohio St. 2d 53, 266 N. E. 2d 828, reads as follows:

"1. The Supreme Court reviews decisions of the Board of Tax Appeals on questions of law. It is not the function of this court to substitute its judgment for that of the Board of Tax Appeals on factual issues, but only to determine from the record whether the decision rendered by the board is unreasonable or unlawful. (Paragraph two of the syllabus in *Board of Edn. of Cleveland Hts. City School Dist.* v. *Evatt*, 136 Ohio St. 283, approved and followed; *Brennan* v. *Bd. of Tax Appeals*, 175 Ohio St. 263, followed.)

"2. Where a material portion of a Board of Tax Appeals decision is not supported by any probative evidence of record, the decision is unreasonable and unlawful."

The record shows that prior to the 1969 corporate reorganization neither of the two surviving corporations were Ohio taxpayers. The board determined that "to adopt

the appellants', contention that they were authorized to file returns of taxable personal property on the basis of a fiscal year ending July 31, it would be necessary * * *,to completely disregard the August 1, 1969, reorganization wherein the appellants became Ohio taxpayers."

It is the conclusion of the court that, from the record, the decision of the board that appellants were new Ohio taxpayers is neither unreasonable nor unlawful and is supported by probative evidence.

Appellants' third proposition of law contends that the board's determination that December 31, 1969, and December 31, 1970, are the proper listing dates for their taxable personal property for the tax years 1970 and 1971 is contrary to the provisions of R. C. 5711.03 and 5711.101.

R. C. 5711.03 provides, in part:

" * * * taxable personal property and credits used in business shall be listed as of the close of business of the last day of December, annually * * *."

R. C. 5711.101 allows for a variation from the December 31 date specified in R. C. 5711.03. The former section reads, in part:

"A taxpayer * * * may be authorized or required by the commissioner to list his taxable property as of the close of business at the end of his fiscal year, instead of as of the day otherwise prescribed by section 5711.03 of the Revised Code. The commissioner may adopt regulations to govern the use of the basis of listing authorized by this section * * *."

Pursuant to the authority granted in R. C. 5711.101, the Tax Commissioner adopted Rule TX-41-02, (former Rule No. 202), which reads, in relevant part:

" * * * All taxpayers required to file a balance sheet and required to file a return with the Collector of Internal Revenue for Income Tax purposes on a fiscal year basis shall, except as otherwise herein provided, employ the same fiscal year in providing such balance sheet and in making return of taxable property to the Department of Taxation or a county auditor.

" * * *The Tax Commissioner may by order require a particularly designated taxpayer or taxpayers to make return and set forth a balance sheet on the basis provided by law or a fiscal year basis otherwise used by him.

"A taxpayer may make a written application to the Department of Taxation for permission to employ a fiscal year basis in making return of taxable property other than that used in making return to the Collector of Internal Revenue for Income Tax purposes, setting forth upon such application facts in support of good cause for such application. If a taxpayer be not required to make a return to the Collector of Internal Revenue for Income Tax purposes, such taxpayer may make like written application for permission to employ a fiscal year basis in making return of taxable property other than that provided by law.

"A taxpayer having used for the first time next hereafter the listing day prescribed by law or as herein required or authorized for the purpose of making return of taxable property, shall thereafter employ the same basis, unless upon written application to the Department of Taxation a different basis of listing be authorized, or unless the Department shall by special order otherwise require * * *."

It is appellants' position that since the subsidiary corporations of Gulf+Western operating in Ohio filed their 1969 and pre-1969 returns using a July 31 listing date, appellants were entitled to continue such filing on a fiscal year basis.

This argument is premised upon appellants' contention that the corporate reorganization did not result in the creation of new taxable corporate entities in Ohio. Inasmuch as that contention has been found to be without merit, it follows that the appellants' argument with respect to the tax listing date is also without merit. By force of the provisions of R. C. 5711.03, appellants' property is to be "listed as of the close of business of the last day of December, annually * * *" in the absence of the granting of "* * * permission to employ a fiscal year basis in making return of taxable property other than that provided by law."

Appellants' fourth proposition of law reads as follows:

"The General Assembly amended R. C. 5711.101 to eliminate situations in which personal property could escape taxation in a given tax year or be taxed twice in the same tax year, with a view to avoiding the very result produced in these cases under R. C. 5711.101 before such amendment. (H. B. 260, Laws 1973, effective November 21, 1973.)"

The fact that the General Assembly amended R. C. 5711.101 to correct what was perceived to be a deficiency in its terms has no bearing on the conclusion reached herein that appellants' reorganization resulted in the creation of two new corporate taxpayers.

Appellants' final proposition of law states:

"It is an abuse of discretion for the Tax Commissioner to impose the 50% penalty under R. C. 5711.27, in any case where it is shown that the taxpayer's only failure is due to reasonable cause and not willful neglect."

The 50 percent penalty referred to by appellants was levied against Metals Forming with respect to its 1970 return. The record shows that Metals Forming did not file a 1970 return until 1974 and that the Tax Commissioner adhered to the provisions of R. C. 5711.27 in levying the penalty. The board's determination of the penalty is amply supported by the record.

The decision of the Board of Tax Appeals, being neither unreasonable nor unlawful, is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.