SWANTON LOCAL SCHOOL DISTRICT LIBRARY, APPELLEE, *v.*
BUDGET COMMISSION OF LUCAS COUNTY ET AL., APPELLANTS.[1]

[Cite as Swanton Library v. Budget Comm.
(1978), 55 Ohio St. 2d 41.]

(No. 77-896—Decided July 12, 1978.)

---

[1]Notice of appeal to this court styled "Budget Commission of Lucas County et al., Appellants, v. Swanton Local School District Library, Appellant [*sic*]."

42

*Mr. Richard B. McQuade, Jr.,* prosecuting attorney, *Mr. Daniel P. McQuade* and *Mr. Greg W. Grover,* for appellee.

*Mr. Anthony G. Pizza,* prosecuting attorney, and *Mr. Nick Batt,* for appellants.

LOCHER, J. The appellants, the budget commission, the Toledo-Lucas County Library District and Lucas County, have presented to this court contentions similar to those they raised before the board by their motion to dismiss the appeal. Essentially, appellants assert that the board lacked subject-matter jurisdiction to determine this dispute and that Swanton, because it was not entitled to participate in Lucas County's classified property tax fund, lacked standing to appeal the budget commission's determination.

The board found that it did have subject-matter jurisdiction over the appeal, in which Swanton claimed that

the budget commission erred in failing to make an allocation to Swanton, a qualified participant in the classified property tax fund. R. C. 5703.02, which defines the powers and the duties of the board, provides, in pertinent part:

"There is hereby created the board of tax appeals, which shall exercise the following powers and perform the following duties:

"(A) Exercise the authority provided by law to hear and determine all appeals of questions of law and facts arising under the tax laws of this state * * * including but not limited to appeals from:

"(1) Actions of county budget commissions."

Not only is the participation by a public library board of trustees in the classified property tax found governed by R. C. 5705.28 and 5707.05, but this court has acknowledged the board's authority to decide disputes concerning distribution of a county's classified property tax fund to a school district public library. Finding that, pursuant to the provisions of R. C. 5707.05, a county lacks the option of refusing participation to a qualified board of library trustees, this court stated, in the second paragraph of the syllabus in *Board of Trustees* v. *Budget Comm.* (1974), 37 Ohio St. 2d 39, the following:

"Where the budget commission of a county fails to make an allocation to a qualified board of library trustees from the classified property tax fund of the county, the Board of Tax Appeals acts reasonably and lawfully in ordering an allocation to be made upon the basis of proportionate benefit received by the residents of the county."

A stipulation of Swanton's compliance with the requirements of R. C. 5705.28 and thus its qualification to participate in the classified tax fund, pursuant to R. C. 5707.05, was entered into by the parties during the board's hearing.

Accordingly, we find that the board had subject-matter jurisdiction over the appeal from the budget commission.

Appellants' other argument is that Swanton lacked

standing to appeal the budget commission's determination because it was not entitled to participate in the classified property tax fund of Lucas County. Appellants' premise properly commences with recognition that the rule for determining which library districts are entitled to participate in a county's classified property tax fund was espoused in *Board of Trustees* v. *Budget Comm., supra.* The first paragraph of the syllabus in that case provides:

"Where a school district public library extends its services to residents of a part of a county other than the county in which the permanent facility of the library is located, in such a manner as to meet the requirements of R. C. 5705.28, the board of library trustees is entitled to participate in the distribution of the classified property tax fund of such other county."

Crucial to appellants' theory is their next assertion that Swanton's service area does not extend into Lucas County. It is at this juncture that a conflict with the board's decision arises. The board determined that Swanton does service an area in Lucas County. Appellee, to the contrary, contends first that Swanton never did expand into Lucas County and secondly, if it did originally encompass a portion of Lucas County, later action by the State Library Board withdrew this area from Swanton.

Stating that Swanton is a school district public library established pursuant to R. C. 3375.15 and not R. C. 3375.14 (school library), as expressed in the board's decision, appellants assert that, as a school district public library, Swanton's boundaries were not expanded into Lucas County by the consolidation of the Swanton Local School District in 1959. This issue of whether a school district and a school district public library have conterminous boundaries upon the consolidation of a school district is not addressed by the General Assembly.[2] Nor have the parties

---

[2]It appears that, by the passage of R. C. 3375.01(G), effective November 25, 1969, the General Assembly placed the determination of the boundaries of the new public library district resulting from the consolidation of two or more school districts with the State Library Board.

cited any cases concerning this issue. There is a modicum of Ohio Attorney General opinions³, which afford a logical discourse of various relevant legal issues arising from a school district consolidation, but they have also apparently further added to the welter encircling this specific question.⁴ Upon a perusal of R. C. Chapter 3375, we agree that the board erred in its determination of the establishing statute. However, we are constrained to reject the assertion that Swanton's boundaries were not enlarged by the school district consolidation in 1959. R. C. 3375.15 provides, in pertinent part, as follows:

"In any school district in which a free public library has been established, by resolution adopted by the board of education of such school district, prior to September 4, 1947, such library shall be under the control and management of a board of library trustees consisting of seven members. * * * A majority of such trustees shall be qualified electors of the school district, but a minority may be qualified electors of the county who reside outside the school district, and all shall be appointed by the board of education of the school district. Such trustees shall serve for a term of seven years and without compensation. All vacancies on such board of library trustees shall be filled by the board of education by appointment for the unexpired term. * * *"

This section recognizes that a school district public library is created by the board of education. It provides for the governing of the library by a board of trustees appointed by the board of education and states that the board of education shall fill any vacancies which occur

---

³1934 Ohio Atty. Gen. Ops. 483, No. 2516; 1951 Ohio Atty. Gen. Ops. 775, No. 981; 1959 Ohio Atty. Gen. Ops. 59, No. 119; 1964 Ohio Atty. Gen. Ops. 2-315, No. 1291; 1965 Ohio Atty. Gen. Ops. 2-247, No. 65-119; 1975 Ohio Atty. Gen. Ops. 2-101, No. 75-026.

⁴In at least two Ohio Attorney General opinions (1959 Ohio Atty. Gen. Ops., No. 119, and 1975 Ohio Atty. Gen. Ops., No. 75-26) it appears that, although denoting the establishing statute as R. C. 3375.14, they were in fact considering school district public libraries established pursuant to R. C. 3375.15.

during a term. Moreover, in addition to the county's classified property tax, the board of education, upon certification of financial needs by the library's board of trustees, may levy a tax within the school district to provide operating funds for the library, pursuant to R. C. 3375.17. It is thus evident that the school district public library board of trustees is an agency of the school district which creates it.

Subsequent to the consolidation of two or more school districts, the law views the expanded school district as a single district, distinct from its original component parts. See R. C. 3311.22, .231, .24 and .26. It would indeed be anomalous to conclude that this consolidation does in all instances, except for the school district public library, effect a corresponding change. To infer the result asserted by appellants would produce absurd results, devoid of any logic; i. e., the board of education for the consolidated school district could impose a tax, pursuant to R. C. 3375.-17, on the entire school district for the operation of a school district public library which serviced only a portion of that school district. *Ergo*, we find that, upon the consolidation in 1959, the boundaries of the Swanton Local School District and Swanton were co-extensive.[5]

Having found that Swanton did encompass a portion of Lucas County because of the consolidation in 1959, we need to consider the merits of appellants' other contention, i. e., that two later actions of the State Library Board excluded the Lucas County area from Swanton. The board found that neither of these resolutions delimited the

---

[5]In 1975 Ohio Atty. Gen. Ops., No. 75-026, the following was stated, at page 2-105:

"In conclusion, I think it clear that in the absence of an order to the contrary from the state library board pursuant to R. C. 3375.01 (F), a consolidation of adjacent school districts effect a corresponding expansion of territory served by an existing *school district public library* established pursuant to R. C. 3375.14." (Emphasis added.)

The reference to R. C. 3375.14 is apparently erroneous as the opinion was referring to a school district public library which is created pursuant to R. C. 3375.15. In this regard see footnote 4, *supra*.

boundaries of Swanton. We find that the 1966 resolution creating the Lucas County Library District, although purporting to include those areas of Swanton which are situated in Lucas County, was ineffective in its attempt to include this area in the Lucas County Library District. A study of the relevant sections of the Revised Code, R. C. 3375.19, .20, .21, .211 and .212, reveals the obvious mandate by the General Assembly that any school district which has a main library located in it is not included within the county library district unless the library in such district approves the entry into the county library district. The Code sets forth two methods, R. C. 3375.19 and 3375.20, for the creation of a county library district. Neither method is an appropriate means for the inclusion of Swanton's Lucas County area into the Lucas County Library District. R. C. 3375.19 provides, in relevant part:

"In each county there may be created a county library district composed of all the local, exempted village, and city school districts in the county *which are not within the territorial boundaries of an existing township, school district,* municipal, county district, or county *free public library* * * *." (Emphasis added.)

Similarly unavailing to appellants' argument is the wording of the first paragraph of R. C. 3375.20, which provides the second method for establishing a county free public library and which reads as follows:

"In any county in which there is not in existence a county library district and in which all of the local, exempted village, and city school districts in the county, *in which there is not located a main library of a township,* municipal, *school district,* association, or county *free public library,* are receiving approved service from one or more of such libraries, there may be created a county library district." (Emphasis added.)

There is no resolution by Swanton for its inclusion into the Lucas County Library District. Hence, Swanton, just as the Sylvania School District Library and the Toledo School District Library, did not join the county li-

brary district in 1966. R. C. 3375.21, .211 and .212.

Upon consideration of the 1974 resolution of the State Library Board, the board found that the resolution merely delineated the boundaries of the Toledo-Lucas County Library District and did not determine the boundaries of Swanton. Appellants argue that the State Library Board's resolution of April 12, 1977, was pursuant to R. C. 3375.-01(E), and, therefore, the resolution effectively included that portion of Swanton extending into Lucas County within the boundaries of the Toledo-Lucas County Library District. R. C. 3375.01, which created the State Library Board, provides, in part, as follows:

"The state library board is responsible for the state library of Ohio * * * and coordination of library services, and its powers include the following:
"* * *

"(E) Approve, disapprove, or modify resolutions for establishment of county district libraries, and approve, disapprove, or modify resolutions to determine the boundaries of such districts, along county lines or otherwise, * * * where questions subsequently arise as a result of school district consolidations;

"(F) Upon consolidation of two or more school districts, to define and adjust the boundaries of the new public library district resulting from such consolidation and to resolve any disputes or questions pertaining to the boundaries, organization, and operation of the new library district;

"(G) Upon application of two or more boards of library trustees, to amend, define, and adjust the boundaries of the library districts making such application."

Acceptance of appellants' argument that, pursuant to R. C. 3375.01(E), the State Library Board, in 1977, include within the Toledo-Lucas County Library District the portion of Swanton in Lucas County would be in direct contravention with the law previously discussed herein. In our prior examination of the statutes establishing a county library district, we noted that they excluded from

50

the county library district any school district which has a main library located in it, unless such district approves entry into the county library district. R. C. 3375.19 and 3375.20. Similarly, even if the main library of the school district is located outside the county in which the county library district is established, no part of the school district may be included in the county library district, unless such school district approves the entry. Swanton has a main library, and, therefore, absent the requisite approval, no part of it could be included within the Toledo-Lucas County Library District. For this court to find otherwise, it would be necessary to ignore the other sections of R. C. Chapter 3375 or to construe the passage of R. C. 3375.01 (E) as granting authority to the State Library Board to act irrespective of the restrictions contained in R. C. 3375.-20. In adhering to the rules of construction enunciated in the second paragraph of the syllabus in *State, ex rel. Pratt,* v. *Weygandt* (1956), 164 Ohio St. 463, that "[s]tatutes relating to the same matter or subject, although passed at different times and making no reference to each other, are *in pari materia* and should be read together to ascertain and effectuate if possible the legislative intent," we can find no such legislative intent as impliedly urged by appellants.

We note that, pursuant to R. C. 3375.01(F), the State Library Board is authorized to define or adjust the boundaries of school district libraries upon the consolidation of school districts. However, this section is inapplicable to the resolution of the present cause, having become effective in 1969 and being prospective in its operation. R. C. 1.48. Future adjustments by the State Library Board, however, are possible upon the application of the respective libraries' boards of trustees. R. C. 3375.01(G).

Therefore, we find that the board's decision, that Swanton has a purpose, by its presence in Lucas County, to provide library service to that county and that Swanton is thereby entitled to have the budget commission consider the merits of Swanton's budget and render an alloca-

tion upon the basis of the proportionate benefit received by Lucas County residents, was reasonable and lawful, and it is therefore affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN and SWEENEY, JJ., concur.