OPINION
Relator, Paul Perry, has filed a complaint for a writ of mandamus through which he seeks the following relief: 1) "Issue a Writ of Mandamus directing respondents to comply with the laws and statues (sic) and the Court ordered testing of all parties in this paternity claim"; 2) "Issue a Writ of Habeas corpus (sic) ad testificandum directing the Court to have relator present in Court for the final determination of relators (sic) claim of paternity"; 3) "Grant relator an award of having his case brought to a SPEEDY final determination and ruling" and 4) "For such other relief as the Court deems just and proper."
In order for this court to issue a writ of mandamus, the relator must establish that: 1) the realtor possesses a clear legal right to the relief requested; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy at law. State exrel. Carter v. Wilkinson (1994), 70 Ohio St.3d 65. In the casesub judice, the relator has failed to establish each prong of the aforesaid three-part test. State, ex rel Bardo v. Lyndhurst
(1988), 37 Ohio St.3d 106; State, ex rel Westchester Estates,Inc. v. Bacon (1980), 37 Ohio St.2d 42.
Accordingly, we grant the respondents' motion to dismiss. Costs to relator.
Writ dismissed.
ANN DYKE, J. CONCURS.
JAMES M. PORTER, ADMINISTRATIVE JUDGE.