OPINION
Relator, through his petition for a writ of mandamus, seeks an order from this court that requires the respondent, the Cuyahoga County Court of Common Pleas, to vacate the judgments that were rendered in the underlying criminal cases of State v. Brown, Cuyahoga County Court of Common Pleas Case Nos. CR-28125 and CR-28534. The respondent has filed a motion for summary judgment.
In order for this court to issue a writ of mandamus, the relator must establish each prong of the following three-part test: 1) the relator possesses a clear legal right to the relief requested; 2) the respondent possesses a clear legal duty to perform the requested act; and 3) the relator possesses no plain and adequate remedy at law. State ex rel. Carter v. Wilkinson
(1994), 70 Ohio St.3d 65. In the case sub judice, the relator has failed to establish any clear legal right that requires the respondent to vacate the judgments as originally rendered in CR-28125 and CR-28534. In addition, the relator has failed to establish that the respondent possesses a duty to vacate the judgments as rendered in CR-28125 and CR-28534. Finally, the relator has failed to establish that he does not possess a plain and adequate remedy at law. State ex rel. Bardo v. Lyndhurst37 Ohio St.3d 106; State ex rel. Westchester Estates, Inc. v. Bacon
(1980), 37 Ohio St.2d 42.
Accordingly, we grant the respondents motion for summary judgment. Costs to relator.
Writ denied.
ANN DYKE, J., CONCURS.
JAMES M. PORTER, ADMINISTRATIVE JUDGE.